IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MONICA HICKEY                                                    PLAINTIFF


v.                                    CIVIL NO. 21-2062


KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Monica Hickey, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on June 26, 2018, alleging an inability to work since February 1, 2017, due to blindness in the left eye, cancer cells on her cervix, post-traumatic stress disorder, anxiety, stomach issues, arthritis, gastritis, hand cramps, and a thyroid problem. (Tr. 63, 198). An administrative telephonic hearing was held on March 23, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 32-59).

By written decision dated April 17, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Specifically, the ALJ found Plaintiff had the following severe impairments: blindness in the left eye, recurrent acute iridocyclitis of the right eye, headaches, cervical dysplasia, irritable bowel syndrome (IBS), depression, anxiety, and a history of polysubstance abuse (currently in remission). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except she can frequently handle and finger. She is limited to simple, routine, repetitive work involving only occasional contact with supervisors, coworkers, and the general public. She must avoid exposure to hazards and is limited to jobs that allow monocular vision.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a fishing reel assembler, and an eyeglass frame polisher. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who, after reviewing additional evidence submitted by Plaintiff, denied that request on January 12, 2021. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following points on appeal: 1) The RFC is inconsistent with the evidence; and 2) The ALJ did not prove that there are jobs that Plaintiff can perform. (ECF No. 15). Defendant argues the ALJ properly considered all of the evidence, including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 16). The Court has reviewed the entire transcript and the parties' briefs.

In determining that Plaintiff maintained the RFC to perform sedentary work with limitations, the ALJ considered the medical assessments of the non-examining and examining medical consultants; Plaintiff's subjective complaints; and her medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). In making this determination, the ALJ noted Plaintiff's treatment had been primarily routine and conservative in nature and had provided some improvement in her symptoms. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001) (an ALJ may consider a conservative course of treatment as indicative that symptoms are not disabling). The ALJ also noted Plaintiff was able to drive, take care of her personal hygiene, complete household chores, spend time with others, shop at night when it was less crowded, and care for her young children when they were

with her. After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a fishing reel assembler, and an eyeglass frame polisher. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 10th day of May 2022.

/s/   *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE